# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

CARLOS M.,[1]

    Plaintiff,

v.

NANCY A. BERRYHILL, Acting Commissioner of Social Security,

    Defendant.

NO.: EDCV 17-1640-KS

MEMORANDUM OPINION AND ORDER

## INTRODUCTION

Plaintiff filed a Complaint on August 15, 2017, seeking review of the denial of his application for a period of disability, and disability insurance benefits ("DIB") under Title II of the Social Security Act. On October 5, 2017, the parties consented, pursuant to 28 U.S.C. § 636(c), to proceed before the undersigned United States Magistrate Judge. (Dkt. Nos. 11, 12, 13.) On May 30, 2018, the parties filed a Joint Stipulation ("Joint Stip."). (Dkt. No. 19.) Plaintiff seeks an order reversing the Commissioner's decision and ordering the payment of

---

[1]     Partially redacted in compliance with Federal Rule of Civil Procedure 5.2(c)(B) and the recommendation of the Committee on Court Administration and Case Management of the Judicial Conference of the United States.

1

benefits or, in the alternative, remanding for further proceedings. (Joint Stip. at 22-23.) The Commissioner requests that the ALJ's decision be affirmed or, in the alternative, remanded for further proceedings. (*See id.* at 23-24.) The Court has taken the matter under submission without oral argument.

## SUMMARY OF ADMINISTRATIVE PROCEEDINGS

On June 24, 2013, Plaintiff protectively filed a claim for a period of disability and DIB. (*See* Administrative Record ("AR") 167-174). Plaintiff, who was 48 years on the disability onset date, alleged disability commencing March 19, 2012.[2] (AR 19.) The Commissioner denied his claim initially on October 30, 2013 and on reconsideration on February 19, 2014. (*Id.*) On March 5, 2014, Plaintiff filed a written request for a hearing. (*Id.*) On August 4, 2015, Administrative Law Judge Lynn Ginsberg ("ALJ") held a hearing. (AR 40-74.) Plaintiff, who was represented by counsel, and vocational expert "VE" Shirley Ripp, testified at the hearing. (AR 40, 44, 68-73.) On March 2, 2016, the ALJ issued an unfavorable decision, denying Plaintiff's application for DIB. (AR 19-32.) On June 20, 2017, the Appeals Counsel denied Plaintiff's request for review. (AR 1-3.)

## SUMMARY OF ADMINISTRATIVE DECISION

Applying the five step evaluation process, the ALJ first found that Plaintiff met the insured status requirements of the Social Security Act through December 31, 2017 and had not engaged in substantial gainful activity since March 19, 2012, the alleged onset date. (AR 21.) Next, the ALJ found that Plaintiff had the following severe impairments; status post inguinal hernia repair in March 2010 and on March 11, 2015; and chronic neuropathic pain

---

[2] Plaintiff, who was born September 3, 1963 was defined as a younger individual (age 18-29) under Agency guidelines. (AR 30.) He subsequently changed age category to "closely approaching advanced age. (*Id*; (*citing* 20 C.F.R. § 404.1563).)

2

of inguinal regional. (*Id.*) The ALJ concluded that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of any impairments listed in 20 C.F.R. part 404, subpart P, appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526), including Listings 1.02 and 1.04. (AR 24.) The ALJ determined that Plaintiff had the residual functional capacity ("RFC") to perform light work as follows:

> [Plaintiff] can stand and walk for four hours in an eight hour workday with normal breaks; he can sit for up to six hours in an eight hour workday with normal breaks; he must have a sit/stand option at his workstation, provided he is not off task less than 10 percent; he is limited to frequent pushing and pulling bilaterally with the upper extremities; foot control operations with the lower extremities can be performed occasionally; he can occasionally climb ladders, ropes, or scaffolds; he can occasionally balance, stoop, kneel, crouch, and crawl; and he must use a handheld assistive device for balance when walking on uneven terrain or for prolonged ambulation, which would be for five minutes or greater.

(AR 24.)

The ALJ determined that Plaintiff was not able to perform his past relevant work as a forklift operator, material handler, and a pasteurizer. (AR 30, 59.) However, based on the VE's testimony, the ALJ concluded that considering Plaintiff's age, education, work experience and RFC, there are jobs that exist in significant numbers in the national economy that Plaintiff can perform, including parking lot cashier (DOT[3] 211.462-010), a light, unskilled (SVP[4] 2) occupation; small products assembler I (DOT 706.684-022) a light, unskilled (SVP 2) occupation; and telephone solicitor (DOT 299.357-014), a sedentary,

---

[3] "DOT" refers to the *Dictionary of Occupational Titles* (U.S. Department of Labor, 1991).

[4] "SVP" refers to Specific Vocational Preparation, as defined in Appendix C of the DOT.

3

semi-skilled (SVP 3) occupation. (AR 31.) Accordingly, the ALJ determined that Plaintiff had not been under a disability, as defined in the Social Security Act, from the alleged onset through the date of the ALJ's decision. (AR 32.)

**DISPUTED ISSUE**

Plaintiff presents a single dispute issue: whether the ALJ properly considered Plaintiff's testimony. (Joint Stip. at 4.)

**STANDARD OF REVIEW**

Under 42 U.S.C. § 405(g), this Court reviews the Commissioner's decision to determine whether it is free from legal error and supported by substantial evidence in the record as a whole. *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir. 2007). "Substantial evidence is 'more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Gutierrez v. Comm'r of Soc. Sec.*, 740 F.3d 519, 522-23 (9th Cir. 2014) (internal citations omitted). "Even when the evidence is susceptible to more than one rational interpretation, we must uphold the ALJ's findings if they are supported by inferences reasonably drawn from the record." *Molina v. Astrue*, 674 F.3d 1104, 1110 (9th Cir. 2012).

Although this Court cannot substitute its discretion for the Commissioner's, the Court nonetheless must review the record as a whole, "weighing both the evidence that supports and the evidence that detracts from the [Commissioner's] conclusion." *Lingenfelter v. Astrue*, 504 F.3d 1028, 1035 (9th Cir. 2007) (internal quotation marks and citation omitted); *Desrosiers v. Sec'y of Health and Hum. Servs.*, 846 F.2d 573, 576 (9th Cir. 1988). "The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and for resolving ambiguities." *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995).

The Court will uphold the Commissioner's decision when the evidence is susceptible to more than one rational interpretation. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). However, the Court may review only the reasons stated by the ALJ in his decision "and may not affirm the ALJ on a ground upon which he did not rely." *Orn*, 495 F.3d at 630; *see also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003). The Court will not reverse the Commissioner's decision if it is based on harmless error, which exists if the error is "'inconsequential to the ultimate nondisability determination,' or if despite the legal error, 'the agency's path may reasonably be discerned.'" *Brown-Hunter v. Colvin*, 806 F.3d 487, 492 (9th Cir. 2015) (internal citations omitted).

## DISCUSSION

### I. The Parties' Positions

The ALJ concluded that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms," but found Plaintiff's subjective statements concerning the "intensity, persistence and limiting effects of these symptoms are not credible to the extent those statements are inconsistent with the [RFC] assessment herein." (AR 25.) Plaintiff contends the ALJ erred by failing to provide legally sufficient reasons for finding Plaintiff's subjective statements about the intensity and severity of his symptoms not fully credible. (Joint Stip. 4-15.) Plaintiff seeks remand for an immediate award of benefits. (*Id.* at 22-23.) Defendant maintains that the ALJ provided adequate explanations for her credibility determination and urges that the ALJ's decision be affirmed or, alternatively, remanded for further administrative proceedings. (*Id.* at 23-24.)

//
//
//
//

## II. Plaintiff's Testimony

At the administrative hearing, Plaintiff testified about his pain and limitations. Plaintiff testified that he had laparoscopic surgery for an inguinal hernia in March 2014. (AR 50.) He stated that his condition was improving "between 10% and 15%" but he still needed additional surgeries. (*Id.*) Plaintiff takes 7.5 milligrams of Norco for pain and Lyrica for nerve pain and also occasionally takes Tramadol depending on the intensity of the pain. (*Id.*) He testified that he tries "not to be too active around the house" because of his pain. (*Id.* 51.) He does no sweeping or mopping but tries to wash dishes and help with laundry "[a]s long as it's not leaning forward like a lot of pain on [his] tummy." (*Id.*)

He stated he can lift between 10 and 15 pounds, and he finds it difficult to sit or stand for too long "because all the groin area, right and left groin area and that will irritate it too much." (AR 51.) When he is at home watching TV, he tries to lay down and rest his legs to avoid enduring pain in the groin area. (*Id.*) Plaintiff stated he has numbness going down his left leg and believes "it has to do with the nerve problem" because it affects his hips and lower back. (*Id.* 53.) He has a driver's license and only drives locally, such as to the store. Occasionally he feels the bottom of his feet get numb. (*Id.*)

Plaintiff testified that there is "no physical therapy for this condition" and the only thing that helps to minimize the pain is lying down with a pillow under his legs. (AR 53.) When the pain is very severe, Plaintiff does this two to three times a day for between half an hour and one hour each time. (*Id.* at 55.) He testified that he can sit between half an hour and 45 minutes, but sitting puts a lot of pressure on his groin area "both right and left and that ignites the pain." (*Id.*) He believes he could spend between three and four hours out of an eight hour workday in a seated position. (*Id.* 55-56.) He could spend "maybe 40 minutes" on his feet standing or walking at one time. (*Id.* 56.) He said he has pain all the time, but after 40 minutes the pain starts increasing in the hip and groin area right and left

sides. (AR 57.) He cannot kneel or crouch. (*Id.*) Plaintiff has been using a cane for walking for two years. He said he uses the cane because "my hips, they'll lock themselves, the nerve will pull from [his] hips and they'll lock and it's a lot of pain on my hip area." (*Id.* 56.)

Plaintiff further described his symptoms and limitations in an Adult Function Report. (AR 222-230.) He described his daily activities as "Eat, watch TV, run errands, go to appts." (AR 223.) He feeds his two dogs, but is no longer able to work or do outdoor activities and yard work. (*Id.*) He prepares simple meals for himself daily, does his own laundry and can help around the house "with limit. [sic]" (*Id.* 224.) He can walk, drive a car, and ride in a car. (*Id.* 225.) Once a week, he shops for "food, personal items, prescriptions." (*Id.*) He also indicated that he can walk a block or two before needing rest and can resume walking after a "few minutes." (*Id.* 227.)

### III. Applicable Law

"[T]he ALJ is not required to believe every allegation of disabling pain," *Molina v. Astrue*, 674 F.3d 1104, 1112 (9th Cir. 2012), and an ALJ's assessment of a claimant's pain level is generally entitled to "great weight." *Weetman v. Sullivan*, 877 F.2d 20, 22 (9th Cir. 1989); *Knorr v. Berryhill*, 254 F. Supp. 3d 1196, 1214 (C.D. Cal. 2017). However, an ALJ must make two findings before determining that a claimant's pain or symptom testimony is not credible.[5] *Treichler v. Comm'r of SSA*, 775 F.3d 1090, 1102 (9th Cir. 2014). "First, the

---

[5] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p, which required the ALJ to assess the credibility of a claimant's statements. SSR 16-3p focuses on the existence of medical cause and an evaluation of "the consistency of the individual's statements about the intensity, persistence, or limiting effects of symptoms with the evidence of record without consideration of the claimant's overall 'character or truthfulness'." *See* Guide to SSA Changes in Regulations and Rulings 2016-17, June 2017. The revision is not applicable to Plaintiff's application here, because the ALJ rendered her decision on March 2, 2016, before the effective date. (AR 13-25.) But the Ninth Circuit has acknowledged that SSR16-3p is consistent with existing precedent that requires that the assessments of an individual's testimony be focused on evaluating the "intensity and persistence of symptoms" after the ALJ has found that the individual has medically determinable impairments that could reasonably be expected to produce those symptoms. *Trevizo v. Berryhill*, 871 F.3d 664, 678 n.5 (9th Cir. 2017).

7

ALJ must determine whether the claimant has presented objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (quoting *Lingenfelter*, 504 F.3d at 1036). "Second, if the claimant has produced that evidence, and the ALJ has not determined that the claimant is malingering, the ALJ must provide specific, clear and convincing reasons for rejecting the claimant's testimony regarding the severity of the claimant's symptoms" and those reasons must be supported by substantial evidence in the record. *Treichler*, 775 F.3d at 1102 (citation omitted); *see also Marsh v. Colvin*, 792 F.3d 1170, 1174 n.2 (9th Cir. 2015); *Carmickle v. Comm'r, SSA*, 533 F.3d 1155, 1161 (9th Cir. 2008) (court must determine "whether the ALJ's adverse credibility finding . . . is supported by substantial evidence under the clear-and-convincing standard").

In weighing a plaintiff's credibility, the ALJ may consider a number of factors, including: "(1) ordinary techniques of credibility evaluation, such as the claimant's reputation for lying, prior inconsistent statements concerning the symptoms, and other testimony . . . that appears less than candid; (2) unexplained or inadequately explained failure to seek treatment or to follow a prescribed course of treatment; and (3) the claimant's daily activities." *Tommasetti v. Astrue*, 533 F.3d 1035, 1039 (9th Cir. 2008). The ALJ must also "specifically identify the testimony [from the claimant that] she or he finds not to be credible and . . . explain what evidence undermines the testimony." *Treichler*, 775 F.3d at 1102 (quoting *Holohan v. Massanari*, 246 F.3d 1195, 1208 (9th Cir. 2001)). "General findings are insufficient." *Brown-Hunter*, 806 F.3d at 493 (quoting *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998)); *see also Thomas v Barnhart,* 278 F.3d 947, 958 (9th Cir. 2002) (the ALJ must make findings in support of an adverse credibility determination that are sufficiently specific to permit the court to conclude that the ALJ did not arbitrarily discredit claimant's testimony").
\\
\\

## IV. ALJ Erred in Finding Plaintiff's Testimony Not Credible

In assessing Plaintiff's subjective testimony about his symptoms and limitations, the ALJ summarized Plaintiff's testimony and statements provided in the function report. (AR 25.) The ALJ concluded that Plaintiff suffered from a severe impairment, but found [Plaintiff's] statements concerning the intensity, persistence and limiting effect of these symptoms are not credible to the extent those statements are inconsistent with the [RFC] assessment herein." (*Id.*) In addition, the ALJ explained that he found Plaintiff not credible because "despite his impairment, [Plaintiff] has engaged in a somewhat normal level of daily activity and interactions." (*Id.*)

Defendant argues that the ALJ's reasons were legally sufficient reasons for finding Plaintiff not credible, pointing out that Congress expressly prohibits granting DIB based solely on a claimant's subjective complaints. (Joint Stip. at 15.) Plaintiff, however, asserts that the ALJ did little more than recite relevant ruling and regulation and did not make specific findings that support her conclusion as the Ninth Circuit has required in *Bunnell v. Sullivan*, 947 F.2d 341, 345-346 (9th Cir. 1991). (*See* Joint Stip. at 7.) Plaintiff argues that the ALJ's rejected Plaintiff's testimony "based on a belief that the testimony is not credible because it lacks support in the objective medical evidence." (Joint Stip. at 8 (citing AR 26).) In addition, Plaintiff contends that the ALJ improperly discounted Plaintiff's credibility based on "sporadic daily activities." (Joint Stip. at 10.) In sum, Plaintiff contends that neither of the reasons given by the ALJ are clear and convincing reasons for finding Plaintiff not credible. (Joint Stip. at 7.) For the reasons discussed below, the Court agrees.

### A. Objective Medical Evidence

The ALJ concluded that Plaintiff's testimony about the severity of his symptoms and limitations was not consistent with the objective evidence of record. (AR 26.) The ALJ also

explained that Plaintiff's credibility was diminished because his allegations "are greater than expected in light of the objective evidence of record." (*Id.*) The ALJ pointed to treating progress notes in March, April, and May of 2012 that indicated Plaintiff had a history of hernia repair, but otherwise indicated no inguinal hernia or were "unremarkable." (*Id.* (citing Exhibit 3F).)

Contrary to the ALJ's characterization of the medical evidence, the medical evidence shows a consistency in Plaintiff's complaints about, and treatment for, pain in his lower abdomen. The ALJ points to treatment notes for March 19, 2012 indicating his abdominal examination was "unremarkable." (AR 26.) Rather than refuting Plaintiff's pain allegations, those treatment notes also show that Plaintiff was prescribed both Motrin and Vicodin for pain. (AR 285.) Indeed, Vicodin is described in the treatment notes as a "medication used to relieve moderate to severe pain" that contains both a narcotic and non-narcotic pain reliever. (*Id.*) Thus, contrary to the ALJ's conclusion, an "unremarkable CT of the abdomen" is not mutually exclusive of Plaintiff experiencing severe pain in that area.

Progress notes for July 2012 also indicated a referring diagnosis of "groin pain" and a long-term goal that "patient will subjectively report 50% decrease in pain with activities (sitting and standing/walking) in 6 weeks." (AR 292.) At a family practice consult on July 27, 2012, Plaintiff was seen for groin pain and the notes indicate that Plaintiff was "post laparoscopic bilateral inguinal hernia repair. Now with severe inguinodynia, patient has had injections x 2in clinic with some response."[6] (AR 310.)

---

[6] The Society of American Gastrointestinal and Endoscopic Surgeons (SAGES) defines "inguinodynia" as "pain or discomfort lasting greater than 3 months after [hernia] surgery." *See* https://www.sages.org/wiki/inguinodynia/ (last accessed October 16, 2018). SAGES reports on its website that "[t]he management of inguinodynia is a difficult problem for many surgeons" and estimates that some 6% of patients may have moderate or severe degree of pain at year follow-up post surgery. *Id.*

|  1 | Progress notes from August 2012 further indicate that Plaintiff reported pain in the
|  2 | "bilateral inguinal region/lower abdomen" and stated that "last Thursday he cleaned his
|  3 | house (vacuuming, mopping the floor, and cleaned the bathroom) [and] he started to have a
|  4 | lot of pain was not able to do much for the rest of the day as a result, he also has to take pain
|  5 | meds and he had to lay down." (AR 295.) These same notes also indicate that Plaintiff's
|  6 | bilateral groin region was "tender to palpation." (*Id.*) In August 2012, Plaintiff was still
|  7 | taking Norco every 6 hours as needed for pain. (AR 299.) In sum, the record evidence the
|  8 | ALJ cited as conflicting with Plaintiff's subjective complaints is wholly consistent with
|  9 | Plaintiffs statements and testimony about the severity of his pain and his inability to perform
| 10 | sweeping and mopping without experiencing pain. (*See* AR 52.)

Thus, contrary to the ALJ's conclusion, the record evidence is consistent with Plaintiff's testimony regarding his symptoms. Accordingly, the ALJ's first reason for finding Plaintiff less than fully credible – the purported conflict between his statements and the medical record – is not supported by substantial evidence.

**B. Plaintiff's Activities of Daily Living**

The ALJ's second reason for finding Plaintiff less than credible was based on Plaintiff's activities of daily living. In rejecting Plaintiff's subjective statements about the severity of his pain and limitations, the ALJ explained that Plaintiff "testified he was capable of driving and running errands around the neighborhood, such as going to the store." (AR 25.) The ALJ also noted that Plaintiff reported on the function report that he is capable of preparing his own means, doing laundry, and helping with some household chores. (*Id.*) The ALJ found that Plaintiffs "ability to participate in such activities undermined the credibility of his allegations of disabling functional limitations." However, as the Ninth Circuit has emphasized, "the mere fact that a plaintiff has carried on certain daily activities, such as grocery shopping, driving a car or limited walking for exercise, does not in any way

detract from [his] credibility as to [the] overall disability." *Vertigan v. Halter*, 260 F.3d 1044, 1050 (9th Cir. 2001).

Moreover, the ALJ's description of the scope of Plaintiff's daily activities is not supported by substantial evidence in the record because Plaintiff testified that he *tries* to help out around the house but cannot do most household chores, such as sweeping or mopping, and can only do laundry and wash dishes if he can avoid bending forward, which causes intense pain in his abdominal area. (*See* AR 52.) Plaintiff testified that both sitting and standing for too long cause pain because it bother his right and left groin area. (*Id.*) He also testified that he only drives locally to the store and doctor appointments. (AR 54.) Indeed, as of the ALJ hearing on August 4, 2015, Plaintiff had undergone two hernia repair surgeries and was scheduled for a third surgery on October 15, 2015. (AR 26, 53.) There is nothing in the record to indicate the ALJ took this pending third surgery into account when discrediting Plaintiff's testimony about "enduring" abdominal pain associated with his hernia condition. While the function report indicates that Plaintiff prepares his own meals daily and it only takes him "average time," the meals that he prepares are quite simple: "oatmeal, sandwiches, rice, salads, ALL." (AR 224.)

## V. Remand is Warranted

Even where the ALJ errs, the Court may decline to reverse the ALJ's decision if the error was inconsequential to the ultimate nondisability determination or if, despite the error, the agency's decision making path can reasonably be discerned. *Brown-Hunter v. Colvin*, 806 F.3d at 492.[7] *Brown-Hunter v. Colvin*, 806 F.3d at 492. Neither circumstance is true here, however, and the matter must be remanded.

---

[7] Defendant concedes that the ALJ erred in finding that Plaintiff stopped working due to a business-related layoff rather than due to his disabling impairments. (AR 25) But Defendant posits that this error was harmless because "the ALJ cited other valid credibility factors[.]" (*See* Joint Stip. at 20 fn. 8.) Because the Court finds that the other reasons the ALJ

The decision whether to remand for further proceedings or order an immediate award of benefits is within the district court's discretion. *Harman v. Apfel*, 211 F.3d 1172, 1175-78 (9th Cir. 2000). Plaintiff argues that the matter should be remanded for an immediate award of benefits under the credit-as-true doctrine. (Joint Stip. at 14-15.) Under the credit-as-true rule, a district court may remand for an award of benefits when the following three conditions are satisfied: "(1) the record has been fully developed and further administrative proceedings would serve no useful purpose; (2) the ALJ has failed to provide legally sufficient reasons for rejecting evidence, whether claimant testimony or medical opinion; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the claimant disabled on remand." *Garrison v. Colvin*, 759 F.3d 995, 1020 (9th Cir. 2014). The third of these conditions "incorporates . . . a distinct requirement of the credit-as-true rule, namely that there are no outstanding issues that must be resolved before a determination of disability can be made." *Id.* n.26. However, even if those three requirements are met, the Court retains "flexibility" in determining the appropriate remedy and may remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled within the meaning of the Social Security Act." *Burrell v. Colvin*, 775 F.3d 1133, 1141 (9th Cir. 2014) (quoting *Garrison*, 759 F.3d at 1021).

Here, it is not clear from the record that, if the ALJ credited the statements of Plaintiff that she would be required to find Plaintiff disabled on remand. Accordingly, the Court remands for further development of the record, including the proper consideration of the statements and testimony of Plaintiff.

\\

---

provide for rejecting Plaintiff's credibility were not legally sufficient and warrant remand, the Court does not reach the issue of whether this error was harmless.

## CONCLUSION

Accordingly, for the reasons stated above, IT IS ORDERED that the decision of the Commissioner is REVERSED, and this case is REMANDED for further proceedings consistent with this Memorandum Opinion and Order.

DATED: October 22, 2018

                                                                       _/s/ Karen L. Stevenson_
                                                                         KAREN L. STEVENSON
                                                 UNITED STATES MAGISTRATE JUDGE